UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NKOSI S. BROWN, Managing Intern, White
House, Trump.org,

                    Plaintiff,

          -against-

WWW.JONHAMPTON.COM;
WWW.MICHELE-KENNEY.COM,

                    Defendants.

24-CV-7173 (LTS)

ORDER OF DISMISSAL AND
TO SHOW CAUSE UNDER
28 U.S.C. § 1651

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. By order dated October 2, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The Court also orders Plaintiff to show cause why he should not be barred from filing future actions in this court IFP, without obtaining prior permission.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

When a court determines that a complaint's "factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy[,] . . . or [a] claim is based on an indisputably meritless legal theory," *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted), the court must dismiss the action as frivolous under Section 1915(e)(2)(B)(i). A court has "no obligation to entertain pure speculation and conjecture," *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

## BACKGROUND

Plaintiff, who identifies himself as a White House intern, brings this action against two websites, www.jonhampton.com and www.michele-kenney.com. He alleges that he has "been harassed for 15 years and endured a [illegible] for a significant time," noting that "as per order of NBC documentary 'Mad!e Mash Models' for minimum wage salary[,] . . . for editorial features – for putting me in a comment." [1] (ECF 1, at 2.) For his injuries, he claims he experienced "trauma constriction in Brain." (*Id.* at 6.) For relief, he seeks "to employ them in a [illegible] way on T.V." (*Id.*)

## DISCUSSION

Even when the Court construes Plaintiff's pleadings with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 475, the Court finds that the allegations do not plausibly allege a violation of Plaintiff's rights. While the Court must not dismiss a complaint simply

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

because the facts alleged appear to be "unlikely," *Denton*, 504 U.S. at 33, a finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or wholly incredible, "whether or not there are judicially noticeable facts available to contradict them." *Id.* at 32-33; *see, e.g.,* "Plaintiff's beliefs − however strongly he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopte*d, 2022 WL 1665013 (S.D.N.Y. May 25, 2022).

The Court finds that, because Plaintiff does not provide any plausible factual support for his claims of harassment or being "placed in a comment," his claims rise to the level of the irrational and must be dismissed as frivolous under Section 1915(e)(2)(B)(i). *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in sua sponte dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him").

In deference to Plaintiff's *pro se* status, the Court normally would grant Plaintiff leave to amend his complaint. Where an amendment would be futile, however, leave to amend is not required. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss complaint *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face"). The Court finds that amendment would be futile in this case because the complaint, which is largely unintelligible, is being dismissed as frivolous. Accordingly, because the complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**ORDER TO SHOW CAUSE**

Plaintiff has previously filed five other cases in this court that were dismissed as frivolous or for lack of subject matter jurisdiction. *See Brown v. ConEd Security*, ECF 1:21-CV-2188, 4 (S.D.N.Y. Mar. 16, 2021) (dismissed as frivolous); *Brown v. USA*, ECF 1:21-CV-1146, 4 (S.D.N.Y. Feb. 11, 2021) (same); *Brown v. Winfrey*, ECF 1:18-CV-10242, 4 (S.D.N.Y. Jan. 8, 2019) (same); *Brown v. USA*, ECF 1:18-CV-5503, 4 (S.D.N.Y. July 16, 2018) (same); *Brown v. Hampton*, ECF 1:17-CV-8166, 7 (S.D.N.Y. Dec. 12, 2017) (dismissed for lack of subject matter jurisdiction). In *Brown v. ConEd Security*, Judge Colleen McMahon warned Plaintiff, under 28 U.S.C. § 1651, that further frivolous litigation in this court would result in an order barring Plaintiff from filing new civil actions IFP without prior permission. *See* ECF 1:21-CV-2188, 4.

In light of this litigation history, the Court orders Plaintiff to show cause why he should not be barred from filing any further civil actions in this court IFP without first obtaining permission from the court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Within 30 days of the date of this order, Plaintiff must submit to the court a declaration setting forth good cause why an injunction should not be imposed upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further civil actions IFP in this court unless he first obtains permission from this court to do so.

**CONCLUSION**

The complaint, filed IFP under 28 U.S.C. § 1915(a), is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff shall have 30 days to show cause by declaration why an order

4

should not be entered barring Plaintiff from filing any future civil action IFP in this court without

prior permission. A declaration form is attached to this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order

would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:    August 6, 2025
          New York, New York

                          /s/ Laura Taylor Swain
                        LAURA TAYLOR SWAIN
                     Chief United States District Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____                    _____

Executed on (date)                         Signature

_____    _____

Name                                       Prison Identification # (if incarcerated)

_____    _____

Address                          City               State        Zip Code

_____    _____

Telephone Number (if available)            E-mail Address (if available)